1
2
3
4            UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6                 SAN JOSE DIVISION
7

8   ANGELA L. CASTILLO,                    Case No.   5:23-cv-05909-EJD
              Plaintiff,
9                                          **ORDER ON MOTION FOR SUMMARY JUDGMENT**
10      v.
11  LELAND DUDEK,                          Re: ECF No. 11
              Defendant.
12

13          Plaintiff Angela L. Castillo appeals the Commissioner of Social Security's[1] final decision

14   denying disability insurance benefits under Title II.  Castillo seeks an order reversing the ALJ's

15   decision and remanding the case for immediate payment of benefits, or alternatively, remanding

16   the action for further administrative proceedings.  Pl.'s Mot. for Summary J. ("Pl.'s MSJ"), ECF

17   No. 11-1.  The Commissioner opposes Castillo's motion.  Def.'s Br., ECF No. 12.

18          Having considered the parties' briefing and the record in this matter, the Court DENIES

19   Plaintiff's motion for summary judgment.

20   I.     **BACKGROUND**

21          A.     **Medical History**

22          As relevant to her appeal here, Castillo claims that the combination of systemic lupus

23   erythematosus, fibromyalgia, and multiple sclerosis ("MS") is a disabling condition that prevents

24   her from working.  Tr. of Admin. Record ("Tr.") 241, ECF No. 8.  Castillo alleges that her

25   disability began on December 15, 2021.  *Id.* at 198.  She reported symptoms of possible MS such

26
27   [1] The Current Commissioner, Leland Dudek, is automatically substituted as defendant in place of
     his predecessor. Fed R. Civ. P. 25(d).
28   Case No.: 5:23-cv-05909-EJD
     ORDER ON MOTION FOR SUMMARY JUDGMENT
                                          1

as pain and numbness early in the relevant period but was not yet diagnosed with MS. *Id.* at 358, 361, 367. On December 2, 2022, after brain and thoracic spine MRIs revealed a new lesion, Castillo was formally diagnosed with MS. *Id.* at 778. Subsequently, Castillo's condition was treated with periodic B12 and rituximab infusions. *Id.* at 892, 949, 1045. Castillo reported adverse side effects from the medications and was diagnosed with rosacea. *Id.* at 983.

### B.    Procedural History

On March 3, 2022, Castillo completed an application for disability insurance benefits under Title II of the Social Security Act. *Id.* at 198. After the state agency responsible for evaluating Castillo's application denied her claim for benefits, *id.* at 107, Castillo requested a hearing before an administrative law judge ("ALJ"). *Id.* at 124. The ALJ held a hearing on June 28, 2023 before issuing an unfavorable decision on August 14, 2023. *Id.* at 14–29. The Appeals Council denied review, *id.* at 1–6, and Castillo appealed the Commissioner's final decision to this Court. Compl., ECF No. 1.

## II.    LEGAL STANDARD

A court may reverse an ALJ's decision denying benefits "only if the decision was not supported by substantial evidence or is based on legal error." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). Substantial evidence is "more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Although substantial evidence is a deferential standard of review, courts must still "consider the entire record as a whole" and "may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (citation omitted).

## III.    DISCUSSION

Castillo argues that the ALJ made four errors in denying social security benefits: (1) the ALJ improperly evaluated the medical opinion evidence in the record; (2) the ALJ's residual functional capacity ("RFC") finding was not supported by substantial evidence; (3) the ALJ improperly rejected Castillo's subjective symptom testimony; and (4) the ALJ asked the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  vocational expert incomplete hypothetical questions.  Pl.'s MSJ.  The Court addresses each

2  alleged error in turn.

3      **A.      Medical Opinion Evidence**

4          Castillo filed her disability application after March 27, 2017, so 20 C.F.R. § 404.1520c

5  supplies the regulatory framework for evaluating the medical opinion evidence.  Under these

6  regulations, medical opinions no longer receive special weight based on a medical source's

7  treating or examining relationship with a claimant.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.

8  2022) (citing 20 C.F.R. § 404.1520c(a)).  Instead, all medical opinions start from the same

9  baseline and are evaluated on the same five factors: (1) supportability, (2) consistency, (3)

10 relationship with the claimant, (4) specialization, and (5) other factors.  20 C.F.R. § 404.1520c(c).

11 Of these five factors, supportability and consistency are the most important.  *Id.* § 404.1520c(b)(2).

12 Supportability refers to the "the extent to which a medical source supports the medical opinion by

13 explaining the 'relevant . . . objective medical evidence.'"  *Woods*, 32 F.4th at 791–92 (quoting 20

14 C.F.R. § 404.1520c(c)(1)).  And consistency refers to "the extent to which a medical opinion is

15 'consistent . . . with the evidence from other medical sources and nonmedical sources in the

16 claim.'"  *Id.* (quoting 20 C.F.R. § 404.1520c(c)(2)).

17         Because supportability and consistency are so important, ALJs must always explain their

18 supportability and consistency analyses when evaluating medical opinions, even though they do

19 not need to explain the other factors.  20 C.F.R. § 404.1520c(b)(2) ("Therefore, *we will explain*

20 how we considered the supportability and consistency factors for a medical source's medical

21 opinions . . . . *We may, but are not required to*, explain how we considered the [remaining three

22 factors] . . . .") (emphasis added); *see also Woods*, 32 F.4th at 792 (holding that ALJs must explain

23 how they considered the supportability and consistency factors before rejecting a medical

24 opinion).  Any explanation of the supportability and consistency factors must also be supported by

25 substantial evidence.  *Woods*, 32 F.4th at 792.

26         Here, Castillo challenges the ALJ's treatment of the medical opinions of Drs. Katzenberg and

27

28 Case No.: 5:23-cv-05909-EJD
   ORDER ON MOTION FOR SUMMARY JUDGMENT

1    Chen.  Though Castillo asserts similar arguments for both opinions, the Court addresses each in turn.

2                      **1.    Dr. Daniel Katzenberg**

3         Dr. Katzenberg opined that Castillo could perform less than sedentary work, including

4    being able to only sit for 20 minutes at a time, being on her feet no more than one to five minutes

5    at a time and for 30-60 minutes total, and lifting five to ten pounds occasionally and one to five

6    pounds frequently.  Tr. 603.  Castillo argues that the ALJ failed to comprehensively analyze the

7    supportability and consistency of Dr. Katzenberg's medical opinion before finding it unpersuasive.

8    Specifically, Castillo claims the ALJ "cherry-picked" those portions of Dr. Katzenberg's opinion

9    and the record that indicate non-disability.  Pl.'s MSJ 14.

10        The Court disagrees.  Although the ALJ's analysis is concise, it provides enough detail for

11   the Court to determine whether there is substantial evidence to support her conclusion.  An ALJ's

12   explanation is sufficient if "the agency's path may be reasonably discerned," even if "the agency

13   may have explained it with less than ideal clarity."  *Rustamova v. Colvin*, 111 F. Supp. 3d 1156,

14   1158 (D. Or. 2015) (internal quotation marks omitted) (quoting *Molina v. Atrue*, 674 F.3d 1104,

15   1121 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a)).

16        Here, the ALJ reviewed the record and did not ignore evidence that went against her

17   conclusion.  *See* Tr. 25–26.  Indeed, the ALJ acknowledged that Castillo's disability was "partially

18   supported with [Dr. Katzenberg's] examination notes, which showed some difficulty with tandem

19   gait, hopping and balancing."  *Id.* at 25.  The ALJ ultimately found, however, that Castillo's

20   disability was not supported by the rest of the Dr. Katzenberg's examination or with the greater

21   record.  *Id.* at 25–26.  Castillo reported to Dr. Katzenberg that she could "only sit for 20 minutes,"

22   *id.* at 602, but Dr. Katzenberg's other findings belie this subjective report.  Dr. Katzenberg found

23   that Castillo had intact sensation, normal muscle tone and bulk, 5/5 strength throughout, and

24   normal reflexes.  *Id.* at 603.  These findings are inconsistent with Castillo's subjective report and

25   with Dr. Katzenberg's conclusion that Castillo could perform less than sedentary work, limited to

26   being on her feet no more than 1-5 minutes at a time and for 30-60 minutes total and lifting 5-10

27   pounds occasionally.  *Id.* at 603.  Internal inconsistency in a physician's opinion is a specific and

28   Case No.: 5:23-cv-05909-EJD
     ORDER ON MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    legitimate reason to find Dr. Katzenberg's medical opinion less persuasive.  *See Bayliss v.*

2    *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (upholding the ALJ's rejection of a medical

3    opinion based on internal inconsistencies in the examiner's report).

4         Castillo's claim that the ALJ relied on select parts of the evidence out of context and

5    ignored the changing nature of Castillo's MS over time is unavailing.  The ALJ cited medical

6    findings across the record, even those that would support a finding of disability.  *E.g.*, Tr. 26,

7    citing Tr. 364 (noting that Castillo had some difficulty with tandem gait); Tr. 26, citing Tr. 699

8    (same).  Castillo fails to indicate which findings, if any, the ALJ took out of context.  An MS

9    diagnosis may explain prior symptoms, but Castillo does not point to any evidence in the record

10   showing a pattern of worsening symptoms attributable to her MS.  In contrast, the record reflected

11   "minimal and inconsistent" physical examination findings and subjective reports of symptoms.  *Id.*

12   at 26.  As such, the ALJ properly assessed Dr. Katzenberg's opinion to be unpersuasive.

13             **2.       Dr. Wendy Chen**

14        Dr. Chen opined that Castillo could, *inter alia*, sit for up to one hour at a time and one hour

15   total in an eight-hour day, stand for 15 minutes at a time and less than one hour total in an eight-

16   hour day, would need to take unscheduled breaks every half hour, and would be absent from work

17   more than four days per month.  *Id.* at 1053–54.

18        As with Dr. Katzenberg, Castillo claims that the ALJ "cherry-picked" portions of Dr.

19   Chen's report and the record that are indicative of non-disability to find Dr. Chen's opinion to be

20   unpersuasive.  Not so.  The ALJ remarked that Dr. Chen's explanation of her opinion "citing only

21   to the claimant's imaging studies and symptom reports" was not adequately supported by

22   objective clinical findings.  *Id.* at 26.  In her report, Dr. Chen merely wrote, "Has lesions in brain

23   and spinal cord," which she garnered from "MRI scans and spinal taps."  *Id.* at 1051.  The ALJ

24   observed that Dr. Chen "does not note mental status, sensory, reflex, or other strength findings,

25   nor are there related findings consistent with [her] same opinions."  *Id.* at 26.  As such, the ALJ

26   concluded that Dr. Chen's ultimate opinion lacked sufficient support from objective findings in

27

28   Case No.: 5:23-cv-05909-EJD
     ORDER ON MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    the examination itself, because Dr. Chen cited limited evidence to support her opinion.

2         Also, the ALJ's analysis of the rest of the record did not ignore evidence that would

3    support disability.  In finding "large gaps in treatment and inconsistent reports of symptoms," the

4    ALJ cited evidence supporting non-disability as well as that supporting disability, just as she did

5    in her analysis of Dr. Katzenberg's opinion.  *E.g.*, Tr. 26, citing Tr. 364 (noting that Castillo had

6    some difficulty with tandem gait); Tr. 26, citing Tr. 699 (same).  Castillo fails to point to any

7    specific evidence indicative of disability that the ALJ ignored.

8         Castillo argues that the ALJ failed to understand the waxing and waning nature of

9    Castillo's MS, which explains the gaps in the record during which there was a lesser need for

10   treatment.  The Court recognizes the dynamic nature of MS and case law and medical science

11   supporting an altered analysis of the record.  That the disease manifests itself differently over time

12   is undisputed.  However, Castillo does not show how or whether this principle applies to her own

13   case.  In fact, as the ALJ observed in her findings, physical examinations during the relevant

14   period indicate that Castillo consistently had minimal complaints of adverse symptoms.  *Id.* at 26.

15   Castillo occasionally had mild difficulty with tandem gait, *id.* at 364, 483, but the record is

16   inconsistent with the pattern of waxing and waning symptoms of MS that Castillo alleges.

17        Lastly, Castillo appears to claim that the ALJ gave outcome-determinative weight to the

18   opinions of non-examining, non-treating examiners over the two treating examiners, Drs.

19   Katzenberg and Chen.  Pl.'s MSJ 13.  Even assuming this were true,[2] such preference presents no

20   problems under the revised social security regulations that control here.  Castillo filed her

21   disability application after March 27, 2017, so 20 C.F.R. § 404.1520c applies.  Under these

22   regulations, medical opinions no longer receive special weight based on a medical source's

23   treating or examining relationship with a claimant.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.

24   2022) (citing 20 C.F.R. § 404.1520c(a)).  Each medical opinion is independently assessed for

25   supportability and consistency.  It follows, then, that the opinions of non-examining, non-treating

26

27   _____

     [2] The Commissioner questions whether Dr. Chen is Castillo's treating physician in the first place.
     Def.'s Br. 5.  However, the Court need not reach this issue.

28   Case No.: 5:23-cv-05909-EJD
     ORDER ON MOTION FOR SUMMARY JUDGMENT

1  examiners may be found persuasive over the opinions of treating examiners.  *See Agatucci v.*

2  *Berryhill*, 721 F. App'x 614, 617 (9th Cir. 2017) (finding that the ALJ did not err in affording

3  greater weight to the opinions of non-treating state agency examiners over the treating

4  physician's).  The ALJ here made no mention of the fact that Drs. Katzenberg and Chen are

5  treating and examining analysts.  Instead, the ALJ analyzed each physician's opinion for

6  supportability and consistency without giving any special weight to either's opinion due to their

7  relationship with Castillo.  Accordingly, the Court finds no issue with the ALJ's decision to rely

8  on the opinions of agency analysts over those of Drs. Katzenberg and Chen.

   ### B.      RFC Finding

   Next, Castillo contends that the ALJ erred in determining her RFC because the ALJ did not

   account for Castillo's Vitamin B12 deficiency, which the ALJ had found to be a severe

   impairment in step two.

   Castillo claims that if an ALJ finds an impairment to be "severe" in step two, it must

   necessarily be included in the RFC determination.  Pl.'s Reply 7.  Such is the rule, Castillo argues,

   because the definition of severe impairment is one that significantly limits an individual's physical

   or mental ability to do basic work activities.  Pl.'s MSJ 17 (citing 20 C.F.R. § 404.1520).  This

   misstates the law.  "[T]he ALJ is not required, as a matter of law, to include all the limitations

   from the impairments the ALJ deems to be severe at step two in the ALJ's final RFC analysis."

   *Gunderson v. Astrue*, 371 F. App'x 807, 809 (9th Cir. 2010).  Step two is "a de minimis screening

   device [used] to dispose of groundless claims."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir.

   2005) (alteration in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

   "The step two and step five determinations require different levels of severity of limitations such

   that the satisfaction of the requirements at step two does not automatically lead to the conclusion

   that the claimant has satisfied the requirements at step five."  *Hoopai v. Astrue*, 499 F.3d 1071,

   1076 (9th Cir. 2007).

   Here, the ALJ found at step two that Castillo's Vitamin B12 deficiency is a severe

   Case No.: 5:23-cv-05909-EJD
   ORDER ON MOTION FOR SUMMARY JUDGMENT
   7

impairment.  Tr. 19.  The ALJ did not consider such severe impairment in the RFC determination. *Id.* at 22–23.  This omission is not by itself legal error.  The ALJ did not expressly state so in her RFC finding, but there is substantial evidence to find that Castillo's Vitamin B12 deficiency was not sufficiently severe as to be a functional limitation to her ability to work.  The ALJ noted that the record did not contain any evidence of medically determinable mental impairments, other than a subjective report of a memory loss symptom in late 2022.  *Id.* at 21, citing Tr. 699.  After receiving B12 injections in December 2022 and March 2023, *id.* at 892, 1045, Castillo had no further complaints of memory problems.  As such, the ALJ did not err by deciding not to include Castillo's Vitamin B12 deficiency in the RFC determination.

### C.    Subjective Symptom Testimony

Castillo also claims that the ALJ failed to sufficiently explain her decision to discount Castillo's subjective testimony.  In assessing a claimant's subjective testimony regarding her symptoms, an ALJ must provide an explanation subject to greater scrutiny than the substantial evidence standard discussed above.  The test is two-part.  First, the ALJ must determine whether the claimant has presented objective evidence of medically supported impairments that could cause her symptoms.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024).  If the claimant has done so and there is no evidence of malingering, the ALJ may reject the claimant's subjective testimony about the severity of her symptoms only by offering "specific, clear, and convincing reasons."  *Id.*  An ALJ may properly discount a claimant's subjective pain testimony "by identifying specific discrepancies between her testimony and the objective medical evidence." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022).  "Ultimately, the 'clear and convincing' standard requires an ALJ to show his work . . . .  The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Id.* at 499.

It is undisputed that Castillo has presented objective medical evidence of an underlying impairment that could produce the symptoms alleged.  The ALJ cited no evidence of malingering.

Case No.: 5:23-cv-05909-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT
8

1    Thus, the Court moves to the second step of the analysis: whether the ALJ made specific, clear,

2    and convincing findings to support her rejection of Castillo's subjective testimony.

3        Castillo claims that the ALJ generally cited the objective medical evidence but did not

4    identify any particular findings that were inconsistent with Castillo's alleged functional deficits, an

5    approach rejected by the Ninth Circuit in *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015).

6    Pl.'s MSJ 20.  In *Brown*-Hunter, the ALJ made the conclusory declaration that "the claimant's

7    statements concerning the intensity, persistence and limiting effects of these symptoms are not

8    credible to the extent they are inconsistent with the above residual functional capacity assessment.

9    *Brown-Hunter*, 806 F.3d at 493.  The ALJ merely summarized the medical evidence before

10   restating her earlier conclusion.  *Id.*  The Ninth Circuit held that the explanation failed to satisfy

11   the specific, clear, and convincing standard because it did not specifically identify and connect

12   inconsistencies between the claimant's testimony and objective medical evidence.  *Id.* at 494.

13       Here, the ALJ did not make the same error.  The ALJ reviewed the entire record—

14   including evidence that would support Castillo's subjective testimony—and cited specific

15   evidence that appeared inconsistent with Castillo's alleged limitations.  *See* Tr. 24–25.  Then, the

16   ALJ connected the evidence that conflicted with Castillo's alleged symptoms to explain the ALJ's

17   rejection of the subjective testimony:

18           Overall, while the claimant had initial reports of numbness around her
             alleged onset date, with objective evidence of a thoracic lesion and an
19           ultimate diagnosis of multiple sclerosis, she had very little in the way
             of physical examination findings. Subjectively, she reported some
20           pain symptoms and objectively, she had some issues with tandem gait
             and could not hop or balance during the consultative examination on
21           the left. However, she had otherwise normal gait and intact strength,
             reflexes, and sensation, with little else in the way of findings. She
22           reported urinary incontinence in late 2022, but not on a continuing
             basis and not with consistency.  Despite alleging side effects from the
23           infusion, the only reports during treatment was rosacea shortly
             afterward. She did report some fatigue and malaise in March 2023,
24           but this again was not a consistent report. Overall, she had only rare
             and inconsistent subjective complaints and physical examination
25           findings. She did, however, have imaging findings consistent with a
             multiple sclerosis diagnosis. However, the combined record is not
26           consistent with her alleged level of limitations, including her alleged
             side effects, which were not reported with any consistency.
27           Specifically, her alleged level of exertional and postural limitations

28   Case No.: 5:23-cv-05909-EJD
     ORDER ON MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

are not consistent with her subjective complaints or the physical findings. Moreover, her alleged level of pain and fatigue are not consistent with the same evidence or the only recent treatment for multiple sclerosis and minimal reported side effects.

*Id.* at 25.

Unlike in *Brown-Hunter*, the ALJ here did more than merely summarize the record. She connected specific evidence (or the general lack thereof) that are inconsistent with Castillo's claims of excessive pain, fatigue, and medication side effects. The ALJ first observed that the record consists primarily of physical examinations finding "otherwise normal gait and intact strength, reflexes, and sensation, with little else in the way of findings." *Id.* Castillo's conduct and physical capabilities noted during her examinations are inconsistent with her claim of debilitating pain and fatigue. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (finding a claimant's conduct inconsistent with his subjective complaints to be a clear and convincing reason to discount the claimant's testimony). The ALJ noted that Castillo had made some subjective reports of pain and fatigue during the few consultations on the record, but also that those reports were inconsistent and not on a continuing basis. Tr. 25. Castillo's subjective reports were also inconsistent with the alleged intensity of the symptoms or the level of debilitation. *Id.* Overall, the ALJ found that Castillo's claims of debilitating pain, fatigue, and medication side effects were undercut by the "rare and inconsistent subjective complaints and physical examination findings." *Id.*

Accordingly, the ALJ met the specific, clear, and convincing standard necessary to discount Castillo's subjective testimony. The result does not change because Castillo proffers an alternative interpretation of the record from ALJ's. It is not the Court's role to second-guess the ALJ's reasonable interpretation of Castillo's testimony and the record. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

United States District Court
Northern District of California

Case No.: 5:23-cv-05909-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1

### D.    Incomplete Hypotheticals

Finally, Castillo argues that the ALJ erred by relying on vocational expert testimony based upon incomplete hypotheticals.  Castillo claims that the ALJ omitted Castillo's subjective symptom complaints and the limitations assessed by Drs. Katzenberg and Chen.  As discussed above, the ALJ properly accounted for Castillo's limitations that are supported by the record in the RFC determination and made specific, clear, and convincing findings to support her rejection of Castillo's subjective testimony.  It follows that the ALJ's hypothetical questions are also accurate, detailed, and supported by the medical record.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Castillo's motion.

**IT IS SO ORDERED.**

Dated:  March 27, 2025

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:23-cv-05909-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT
11